IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02539-CNS-KAS

DAVID E. HILL,

    Plaintiff,

v.

A. CIOLLI, Warden,
ANDRE MATEVOUSIAN, Regional Director, and
TIMOTHY BARNETT, Acting Administrator,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the Defendants' **Motion to Dismiss** [#31] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[1] filed a Response [#33][2] in opposition to the Motion [#31], and Defendants filed a Reply [#39]. Plaintiff filed a "Reply in Response to Defendant's Motion to Reply in Support of Defendants Motion to Dismiss," which the Court construes as a Surreply [#41] filed without leave of court. The Motion [#31] has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B), Fed. R. Civ. P. 72(a)-(b), and D.C.COLO.LCivR 72.1(c)(3). *See* [#29].

---

[1] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[2] "[#33]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

The Court has reviewed the briefs, the entire case file, including Plaintiff's Surreply [#41], and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Defendants' Motion [#31] be **GRANTED**.

### I. Background[3]

Plaintiff is a convicted and sentenced federal prisoner held at U.S.P. Florence ADMAX ("ADX"). *Am. Compl.* [#25] at 2. Defendant Ciolli is the warden, Defendant Matevousian is the regional director for the Federal Bureau of Prisons ("BOP"), and Defendant Barnett is the BOP acting administrator. *Id.* at 2-3. Plaintiff alleges that the Defendants have deprived him of statutory privileges set forth in the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (codified at 18 U.S.C. §§ 3631-3635) and the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (codified at 15 U.S.C. § 9001 *et seq.*). *Id.* at 6, 11.

Plaintiff alleges that on August 4, 2022, ADX issued an inmate bulletin to encourage inmates to participate in First Step Act classes. *Id.* at 9. He enrolled in classes with the psychology department and completed an anger management class and a criminal thinking class. *Id.* at 9-10. He sought the statutory incentives of "phone privileges for 30 minutes per day, 510 minutes per month, additional visitation, and an increase of his restricted commissary spending limit from $15.00 to $310.00 per month from unit team which was denied." *Id.* at 10. He then pursued administrative remedies with Defendant Ciolli, who denied the incentives. *Id.* Plaintiff appealed the denial to Defendant

---

[3] To resolve the Motion [#31], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Amended Complaint [#25]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Matevousian, who affirmed, and he further appealed to Defendant Barnett, who denied the appeal on August 31, 2023. *Id.*

Plaintiff also alleges that on April 8, 2020, the BOP issued a memorandum to inmates stating that it had "increased [inmates'] monthly phone minutes to help compensate for the lack of visits and by Thursday, April 9, 2020, telephone calls will be free to [inmates] for the duration of this emergency." *Id.* at 12. Plaintiff's phone privileges were reinstated and he was given free phone calls, a policy which "has been extended indefinitely by the current Attorney General and current BOP director Colette S. Peters, to date, phone calls are still free to the inmate population." *Id.* In 2023, however, Defendant Ciolli "terminated or restricted [Plaintiff's] access or use of his free phone calls." *Id.* at 13. Plaintiff pursued administrative remedies, which Defendant Ciolli denied, and appealed to Defendant Matevousian, who never responded. *Id.* Plaintiff has attached several exhibits to his Amended Complaint [#25], including Defendant Ciolli's denial of his request for phone privileges. *Id.* at 17.[4] In that response, Defendant Ciolli wrote that "The [April 8, 2020] Memorandum does not state the UDC/DHO sanctions will be overridden." *Id.* Defendant Ciolli added that Plaintiff is "currently on phone restriction until September 29, 2047." *Id.* Plaintiff seeks declaratory/injunctive relief and a "writ of mandamus/5 U.S.C. §§ 701-06" but he does not seek monetary damages. *Id.* at 3.

Defendants move to dismiss Plaintiff's claims for lack of jurisdiction and for failure to state a claim for relief. *Motion* [#31] at 1.

---

[4] On a Rule 12(b)(6) motion to dismiss, "courts may consider not only the complaint itself, but also attached exhibits[.]" *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Indus. Conductors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964-65 (10th Cir. 1994)).

3

## II. Legal Standard

### A.     Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) concerns whether a court has jurisdiction to properly hear the case before it. Because "[f]ederal courts are courts of limited jurisdiction," a court "must have a statutory basis to exercise its jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). The burden of establishing subject-matter jurisdiction is on the party asserting it. *Id.* "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted).

However, the Court "is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogation on other grounds recognized by Grace Bible Fellowship v. Polis*, No. 23-1148, 2024 WL 1340201 (10th Cir. Mar. 29, 2024)). Where a plaintiff invokes mandamus jurisdiction, a Rule 12(b)(6) framework is appropriate despite threshold jurisdictional questions. *See Marquez-Ramos v. Reno*, 69 F.3d 477, 479 n.3 (10th Cir. 1995) (observing that where the district court had dismissed a mandamus complaint under Rule 12(b)(6), "it performed the same analysis as would be required in looking at the question as a jurisdictional issue"); *Carpet, Linoleum & Resilient Tile Layers, Loc. Union No. 419, Bhd. of Painters & Allied Trades, AFL-CIO v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981) ("In resolving whether [28 U.S.C. §] 1361 jurisdiction is present,

4

allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction.").

**B.     Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Twombly*, 550 U.S. at 570). "When the complaint includes 'well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm Fire & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In so doing, the Court "view[s] these allegations in the light most favorable to the plaintiff." *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do[,] . . . [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

5

### III. Analysis

**A.     The CARES Act, 15 U.S.C. § 9001 *et seq.***

Plaintiff alleges that the CARES Act required BOP to promulgate regulations regarding visitation through videoconference and by phone, free of charge, "during the emergency period beginning on the date the president declared a national emergency with respect to COVID-19 and ending on the date 30 days after the date on which the national emergency declaration terminates[.]" *Am. Compl.* [#25] at 11. He alleges that "to date, phone calls are still free to the inmate population." *Id.* at 12. However, "[i]n 2023, the warden, [Defendant] Ciolli . . . terminated or restricted [Plaintiff's] access or use of his free phone calls." *Am. Compl.* [#25] at 13.

By Plaintiff's own admission, relief pursuant to the CARES Act was only effective during the covered emergency period and ended 30 days after the national emergency was terminated. On April 10, 2023, the President signed the National Emergencies Act, Pub. L. 118-3, 137 Stat. 6, which declared that "the national emergency declared by the finding of the President on March 13, 2020, . . . is hereby terminated." Any BOP obligation to facilitate the provision of free calls under the CARES Act therefore terminated on or around May 10, 2023. Even if phone calls are still free to the inmate population as a matter of practice, *the CARES Act* requirement is no longer in effect. The relevant portion of the statute has effectively been rendered obsolete by the National Emergencies Act.

The court lacks subject-matter jurisdiction if a claim is moot. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "[L]egislative rules established by statute or administrative regulation may shift as an action progresses" and mootness may occur when a legislative change "has removed any basis

6

for a claim, or has fully satisfied the claim." *Id.* at 1117 (emphasis omitted) (quoting 13C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.6, at 259 (3d ed. 2008)). However, the court must decide whether a case is moot "as to 'each form of relief sought.'" *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) (quoting *Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019)). Thus, "interim developments that moot a claim for prospective relief do not necessarily moot a claim for damages." *Id.*

Here, the only CARES Act relief Plaintiff seeks is prospective and injunctive in nature. *See Am. Compl.* [#25] at 6 (asking the Court to "order Defendant's [sic] to give [Plaintiff] access to his free phone calls or use of his free phone calls under the CARES Act"). However, the National Emergencies Act effectively repealed the CARES Act by ending its effective period. In his Response [#33], Plaintiff argues that reinstatement of phone privileges during the COVID-19 emergency period was "the last word on the matter because the emergency ended on April 10, 2023, [and] [Plaintiff's] access can only be terminated 'during the emergency period.'" *Response* [#33] at 14. This statutory interpretation argument is beside the point—even if Plaintiff's interpretation of the CARES Act is correct, the statute is no longer effective, mooting any prospective relief sought under it. The Court lacks subject matter jurisdiction to enforce a lapsed statute. *Cf. Rio Grande Silvery Minnow*, 601 F.3d at 1109. Accordingly, the Court **recommends** that Plaintiff's claim arising under the CARES Act be **dismissed without prejudice**. *See, e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice[.]").

**B.     The First Step Act, 18 U.S.C. §§ 3631-3635**

Unlike the CARES Act, the First Step Act is still in effect, and Plaintiff seeks to compel Defendants to provide him the statutorily contemplated incentives. *See Am. Compl.* [#25] at 3. He seeks to do so through a "writ of mandamus/5 U.S.C. §§ 701-06", invoking the Administrative Procedure Act (the "APA"). *Id.* However, the relief Plaintiff seeks is unavailable under the APA, which "empowers courts to compel agency action but precludes courts from prescribing the particular action." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1109 (10th Cir. 2023) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). Here, Plaintiff does not request an injunction mandating general "agency action," he requests *particular* agency action: that he be given specific First Step Act incentives. Such specific relief is only available through mandamus. *See, e.g.*, *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1236 (10th Cir. 2005) ("In cases seeking specific relief of a nondiscretionary nature, mandamus would seem to be the more closely tailored avenue for relief.").

In any case, the Tenth Circuit has recognized that mandatory injunctive relief and mandamus relief are essentially interchangeable. *Carpet, Linoleum and Resilient Tile Layers*, 656 F.2d at 567 ("A mandatory injunction such as the one sought here is essentially in the nature of mandamus."); *see also Mt. Emmons Mining Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997) (citing *Est. of Smith v. Heckler*, 747 F.2d 583, 591 (10th Cir. 1984)) (recognizing that a mandatory injunction under the APA "is essentially in the nature of mandamus relief"). Thus, the Court's analysis would be the same whether Plaintiff sought mandatory injunctive relief under the APA or more general mandamus relief.

8

Mandamus jurisdiction is set forth in 28 U.S.C. § 1361, which provides that federal "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To be eligible for mandamus relief, "the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (citing *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)). Whether the court has jurisdiction over a mandamus petition "depends on the character of the government's duty to the petitioner"—that is, whether it is a discretionary or ministerial function. *Id.* (citing *Marquez-Ramos*, 69 F.3d at 479). Mandamus is available "only if the defendant owes [the plaintiff] a nondiscretionary duty." *Marquez-Ramos*, 69 F.3d at 479 (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "The importance of the term 'nondiscretionary' cannot be overstated—the judiciary cannot infringe on decision-making left to the Executive branch's prerogative." *Id.*

Here, Plaintiff has not shown that Defendants owe him a nondiscretionary duty to provide specific incentives. The First Step Act requires the Attorney General to develop and release a risk and needs assessment system and requires that system to provide incentives and rewards for participation in and completion of evidence-based recidivism reduction programs, but system requirements are described in plainly discretionary language. *See* 18 U.S.C. §§ 3632(a), 3632(d). For example, phone privileges are to be provided "for *up to* 30 minutes per day, and *up to* 510 minutes per month"; additional visitation time is to be offered "as determined by the warden of the prison"; and increased

9

commissary spending is listed as one of four optional additional policies, alongside extended opportunities to access email, consideration of transfer to preferred housing units, and other incentives solicited from prisoners and determined appropriate by the BOP's Director. 18 U.S.C. § 3632(d)(1)-(3) (emphasis added). Increased commissary spending limits are one of four optional "additional policies," of which BOP "shall include not less than 2." 18 U.S.C. § 3632(d)(1)-(3) (emphasis added). At every turn, the statute grants broad discretion to the Attorney General, the warden, and the BOP Director in implementing a risk and needs assessment system.

Thus, even if the Court were to construe the Act's provisions as independently enforceable and legally binding (thus ignoring Congress's directive that *the Attorney General* "shall develop . . . a risk and needs assessment system"), the statutory language does not require that Plaintiff, or any other inmate, be given *maximum* statutory incentives of "phone privileges for 30 minutes per day, 510 minutes per month free of charge, additional visitation, and increase of his restricted commissary spending limit." *Am. Compl.* [#25] at 6. Plaintiff's interpretation erases key phrases—"up to" and "shall not include less than 2"—from the statute. He improperly asks the Court to "infringe on decision-making left to the Executive branch's prerogative." *Marquez-Ramos*, 69 F.3d at 479.

Because the Defendants' actions are discretionary, Plaintiff's First Step Act claim is not "susceptible to mandamus relief[.]" *Am. Compl.* [#25] at 6; *Marquez-Ramos*, 69 F.3d at 479. At most, Defendants had a nondiscretionary duty to develop and promulgate *a policy* that includes certain incentives, but Plaintiff implicitly acknowledges that they have done so. *See, e.g.*, *Response* [#33] at 8 (arguing that Defendants have "fail[ed] to follow

10

[their] written policy on the First Step Act incentives"), 13 (arguing that Defendants "failed to follow their written policy, instead refusing to give [Plaintiff] his First Step Act incentives").[5]

Because Plaintiff has failed to show that Defendants owed him a clear nondiscretionary duty, neither a mandatory injunction nor mandamus would be appropriate, and the Court therefore lacks jurisdiction. *Marquez-Ramos*, 69 F.3d at 479 ("[T]he question of whether a particular act is discretionary or ministerial rises to the jurisdictional level.") (citing *Carpet, Linoleum and Resilient Tile Layers*, 656 F.2d at 567 (holding that, when relief sought is mandamus or mandatory injunction, "[i]f defendants have been accorded sufficient discretion to act as they have, the courts may not direct them to act otherwise, and dismissal for lack of jurisdiction is appropriate")).

Finally, to the extent that Plaintiff claims he seeks "declaratory/injunctive relief" that he is entitled to certain First Step Act incentives, framing relief as declaratory does not independently confer jurisdiction on the Court. *See, e.g.*, *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) ("Nor does the declaratory judgment statute, 28 U.S.C. § 2201, itself confer jurisdiction on a federal court where none otherwise exists.") (citing *New Mexico v. Regan*, 745 F.2d 1318, 1323 (10th Cir. 1984)); *Kegler v. U.S. Dep't of*

---

[5] As Defendants note, Plaintiff's theory of a failure to follow BOP's own policy, first raised in his Response [#33], is "a new and different argument—one not articulated in his Complaint and not based on the Act itself." *Reply* [#39] at 2; *cf. Am. Compl.* [#25] at 8-10 (containing allegations about incentives the First Step Act requires but no allegations about any BOP-promulgated policy). A plaintiff may not amend his complaint in his response to a motion to dismiss. *Abdulina v. Eberl's Temp. Servs, Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)). However, even if the Court were to construe the Amended Complaint [#25] as seeking permissive injunctive relief based on Defendants' failure to follow their own policies rather than mandamus relief to enforce the First Step Act, the Amended Complaint [#25] would still be subject to dismissal under Rule 12(b)(6) because Plaintiff fails to allege (1) any detail about the BOP's promulgated policy and what it requires; (2) a specific failure or specific failures to follow that promulgated policy; or (3) facts showing that he is entitled to the specific incentive he seeks under the BOP's promulgated policy. *See Reply* [#39] at 3.

*Justice*, 436 F. Supp. 2d 1204, 1210 (D. Wyo. 2006) ("The mere fact that [the plaintiff] seeks a declaratory judgment . . . is, jurisdictionally speaking, of little moment in this case.")

Accordingly, the Court **recommends** that Plaintiff's claim for mandamus relief pursuant to the First Step Act be **dismissed without prejudice** for lack of subject matter jurisdiction. *See, e.g.*, *Aslam v. U.S. Dep't of State*, No. 2:22-cv-00701, 2023 WL 6163969,at *1 (D. Utah Sept. 21, 2023) (dismissing without prejudice because of the court's lack of jurisdiction over the request for mandamus relief and the complaint's failure to state an APA or due process claim); *Brereton*, 434 F.3d at 1218 ("[D]ismissals for lack of jurisdiction should be without prejudice[.]").

**C.     Plaintiff's Surreply [#41]**

Finally, Plaintiff filed an improper Surreply brief [#41] in opposition to the Motion [#31] after the Motion [#31] was already fully briefed. *See* D.C.COLO.LCivR 7.1(d) (contemplating the filing of a motion, a response, and a reply filed by the moving party). Plaintiff is warned that "neither the Federal Rules of Civil Procedure nor this Court's local rules of procedure provide for the filing of surreply briefs." *Pirnie v. Key Energy Servs., LLC*, No. 08-cv-01256-CMA-KMT, 2009 WL 1386997, at *1 (D. Colo. May 15, 2009) (citing D.C.COLO.LCivR 7.1). A surreply brief is necessary "only if the reply brief raises new material that was not included in the original motion." *Id.* (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)). Even so, a party seeking to file a surreply brief should seek leave of court, and failure to seek leave may result in the brief being stricken. *Id.* (striking surreply filed without leave of court).

Here, a surreply was inappropriate because Defendants did not raise any new material or new arguments in their reply brief—instead, they pointed out perceived deficiencies in Plaintiff's Response [#33]. *Accord Green*, 420 F.3d at 1196-97 (finding no abuse of discretion in denying motion for surreply where no new legal arguments were raised in movant's reply brief). Nonetheless, as part of its review and in its discretion, the Court has considered Plaintiff's Surreply [#41], which does not change its analysis or conclusions.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Defendants' Motion [#31] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's Amended Complaint [#25] be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and

recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 29, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge