IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-02539-CNS-KAS

DAVID E. HILL,

    Plaintiff,

v.

A. CIOLLI, Warden,
ANDRE MATEVOUSIAN, Regional Director, and
TIMOTHY BARNETT, Acting Administrator,

    Defendants.

---

## ORDER

---

Before the Court is United States Magistrate Judge Kathryn A. Starnella's Recommendation on Defendants' Motion to Dismiss. ECF Nos. 31, 63. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation, and GRANTS the motion to dismiss.

### I.    SUMMARY FOR PRO SE PLAINTIFF

You filed this lawsuit seeking statutory privileges under the First Step Act and the CARES Act. Defendants filed a motion to dismiss your claims. Magistrate Judge Starnella recommended granting the motion to dismiss, and you filed objections to that Recommendation. However, the Court overrules your objections, adopts Magistrate Judge Starnella's Recommendation, and grants the motion to dismiss your claims. The Court agrees with Magistrate Judge Starnella that your first claim, under the CARES Act,

1

is moot because the act's requirements around offering free phone calls are no longer in effect. The relief you ask for in your second claim, under the First Step Act, is also unavailable. Courts can only require government officials to take particular action through mandamus if the required action is not discretionary. Here, Defendants have discretion in how they implement the incentives program, and so mandamus is not available. Thus, the Court dismisses your two claims. The Court will explain why it is doing so below, including a discussion of the legal authority that supports this conclusion.

## II.   BACKGROUND

Plaintiff is a federal inmate housed at the Administrative Maximum Facility (ADX) in Florence, Colorado. *See* ECF No. 25 (Am. Compl.) at 2. In this lawsuit, Plaintiff alleges that Defendants deprived him of statutory privileges under the First Step Act and the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). *See* ECF No. 25.

First, Plaintiff alleges that he is entitled to free phone calls under the CARES Act. *Id.* at 12. Plaintiff also alleges that he sought incentives for attending First Step Act classes, including "phone privileges for 30 minutes per day, 510 minutes per month, additional visitation, and an increase of his restricted commissary spending limit from $15.00 to $310.00 per month from unit team which was denied." ECF No. 25 at 10. He pursued administrative remedies with Defendant Ciolli, the warden, who denied the incentives. *Id.* Plaintiff then appealed the denial to Defendant Matevousian, the regional director for the Federal Bureau of Prisons (BOP), who affirmed the denial. Plaintiff further appealed to Defendant Barnett, the BOP acting administrator, who also affirmed the denial. *Id.*

Plaintiff's phone privileges were "terminated or restricted" in 2023, which he also appealed. Defendant Ciolli denied this appeal, and Defendant Matevousian did not respond to the further appeal. *Id.* at 12. Plaintiff is on phone restriction until September 29, 2047. *Id.* at 17. Plaintiff seeks declaratory and injunctive relief and a writ of mandamus to provide him free phone calls. *Id.* at 3. On February 5, 2024, Defendants moved to dismiss Plaintiff's claims for lack of jurisdiction and for failure to state a claim. ECF No. 31.

### III.  LEGAL STANDARD

#### A.  Rule 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

#### B.  Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12, the court may dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A court lacking jurisdiction

3

cannot render judgment. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking the federal court's jurisdiction bears the burden of establishing subject matter jurisdiction. *Id.* Rule 12(b)(1) motions take two forms: either a "facial attack on the complaint's allegations as to subject matter jurisdiction [that] question the sufficiency of the complaint" or a "challenge [to] the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated in part on other grounds by Cent. Green Co. v. United States,* 531 U.S. 425 (2001). In reviewing a facial attack on the complaint, "the court presumes all of the allegations contained in the complaint to be true." *MacIntyre v. Supreme Court of Colorado,* No. 20-cv-03559-CNS-SKC, 2023 WL 4230603, at *1 (D. Colo. June 28, 2023) (citing *Ruiz v. McDonnel*, 299 F.3d 1173, 1180 (10th Cir. 2002)).

C.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th

4

Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" and conclusory allegations without supporting facts contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *S. Disposal, Inc. v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

## IV.  ANALYSIS

In accordance with Federal Rule of Civil Procedure 72(b)(3), the Court has conducted a *de novo* review of those parts of the Recommendation to which Plaintiff properly objects. The Court concurs with the analysis of Magistrate Judge Starnella and overrules each of Plaintiff's objections.

### A. The CARES Act

Plaintiff first alleges that the CARES Act required the BOP to promulgate regulations regarding free phone calls "during the emergency period beginning on the date the president declared a national emergency with respect to COVID-19 and ending on the date 30 days after the date on which the national emergency declaration terminates." ECF No. 25 at 11. He argues that he should, therefore, have free phone calls. *Id.* at 13.

Magistrate Judge Starnella disagreed because, as Plaintiff noted, CARES Act relief was only available until 30 days after the national emergency period ended. ECF

5

No. 63 at 6. The President had terminated the national emergency on April 20, 2023 with the signing of the National Emergencies Act, so the BOP's obligation to facilitate the provision of free phone calls ended 30 days after that, around May 10, 2023. *Id.* Thus, Magistrate Judge Starnella found that the BOP currently has no obligation under the CARES Act to provide free phone calls, and so Plaintiff's prospective request for free phone calls under the CARES Act is moot. The Court agrees.

Plaintiff first objects to Magistrate Judge Starnella's "finding that the National Emergency Act repealed, mooted, or terminated free telephone calls" because she "replaced the actual text with speculation" that the end of the emergency also ended the CARES Act's obligations. The Court disagrees and overrules this objection. The National Emergency Act ended the national emergency, and the CARES Act only required the BOP to promulgate regulations on free phone calls "during the emergency period." Similarly, Plaintiff also objects that Magistrate Judge Starnella "replaced the actual text" with "speculation as to Congress intent." This is inaccurate, as Magistrate Judge Starnella accurately quoted the statute, so this objection is overruled.

Magistrate Judge Starnella then found that the Court lacks subject matter jurisdiction because, as described above, the claim is moot. *Id.*; *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (reiterating the Second Circuit's holding that "the condition of mootness . . . deprives the court of subject matter jurisdiction."). Courts must decide mootness as to "each form of relief sought," and so "interim developments that moot a claim for prospective relief do not necessarily moot

6

a claim for damages." *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019).

Magistrate Judge Starnella concluded that the Court lacks subject matter jurisdiction as to the CARES Act claim, because Plaintiff is only seeking prospective and injunctive relief. ECF No. 63 at 7; ECF No. 25 at 6 (asking the Court to "order Defendant's [sic] to give [Plaintiff] access to his free phone calls or use of his free phone calls under the CARES Act."). Because the National Emergencies Act ended the effective period of the CARES Act, the statute is no longer effective, so any prospective relief sought under the CARES Act is moot. ECF No. 63 at 7. The Court agrees. Because the CARES Act is no longer effective, Plaintiff's request for prospective injunctive relief is moot. The Court thus lacks subject matter jurisdiction over this claim.

### B. First Step Act

Plaintiff also seeks to compel Defendants to provide him statutory incentives under the First Step Act through a "writ of mandamus/5 U.S.C. §§ 701–06," invoking the Administrative Procedure Act. ECF No. 25 at 3. However, Plaintiff is requesting particular agency action—that he be given First Step Act incentives—which, as Magistrate Judge Starnella concluded, is not an available remedy under the APA. ECF No. 63 at 8. The APA "empowers courts to compel agency action but precludes courts from prescribing the particular action." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1109 (10th Cir. 2023). Specific relief is only available through mandamus. *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1236 (10th Cir. 2005). Therefore Magistrate Judge

Starnella analyzed Plaintiff's First Step Act claim as requesting mandamus relief. ECF No. 63 at 8. The Court agrees with this approach.

28 U.S.C. § 1361 sets forth mandamus jurisdiction, providing that federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To be eligible for mandamus relief, "the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (citing *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)). Whether the court has jurisdiction over a mandamus petition "depends on the character of the government's duty to the petitioner"—that is, whether it is a discretionary or ministerial function. *Id.* (citing *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995). Mandamus is available "only if the defendant owes [the plaintiff] a nondiscretionary duty." *Marquez-Ramos*, 69 F.3d at 479 (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "The importance of the term 'nondiscretionary' cannot be overstated—the judiciary cannot infringe on decision-making left to the Executive branch's prerogative." *Id.*

Magistrate Judge Starnella found that Plaintiff is not entitled to mandamus relief because he has not shown that Defendants owe him a nondiscretionary duty to provide him the specific statutory incentives. ECF No. 63 at 9. Plaintiff objects to this conclusion, arguing that the First Step Act incentives are not discretionary. The Court agrees with Magistrate Judge Starnella's analysis and overrules Plaintiff's objection. While Plaintiff

points to some mandatory language, like that participants "shall" receive phone privileges, the use of some non-discretionary language does not make the entire program non-discretionary. The program still leaves discretion as to the amount of phone privileges.

The First Step Act requires the Attorney General to develop a system that provides incentives for participation in certain programs, but the requirements are described in discretionary language. For example, as Magistrate Judge Starnella noted, phone privileges are to be provided "for *up to* 30 minutes per day, and *up to* 510 minutes per month," visitation time is available "as determined by the warden of the prison," and increased commissary spending is listed as one optional additional policy. 18 U.S.C. §§ 3632(d). The Court agrees with Magistrate Judge Starnella's conclusion that at "every turn, the statute grants broad discretion to the Attorney General, the warden, and the BOP Director in implementing a risk and needs assessment system." ECF No. 63 at 10. Because Defendants' actions in providing the statutory incentives are discretionary, Plaintiff's First Step Act claim is "not susceptible to mandamus relief." *Marquez-Ramos*, 69 F.3d at 479. The Court thus lacks jurisdiction over this claim. *See Carpet, Linoleum and Resilient Tile Layers v.* Brown, 656 F.2d 564, 567 (10th Cir. 1981) (holding that, when relief sought is mandamus or mandatory injunction, "[i]f defendants have been accorded sufficient discretion to act as they have, the courts may not direct them to act otherwise, and dismissal for lack of jurisdiction is appropriate")). The Court adopts Magistrate Judge Starnella's Recommendation and dismisses the First Step Act claim for lack of jurisdiction.

* * *

Finally, Plaintiff objects to the Recommendation by claiming that Magistrate Judge Starnella did not liberally construe his filings, as required for *pro se* plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court overrules this objection, finding that Magistrate Judge Starnella did liberally construe his filings. ECF No. 63 at 1. While courts must liberally construe the filings of a *pro se* plaintiff, they should not be the *pro se* litigant's advocate or "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Plaintiff's filings, even liberally construed, fail to state a claim over which the Court has jurisdiction, for the reasons explained above.

## V.  CONCLUSION

Accordingly, the Court overrules Plaintiff's objections and AFFIRMS and ADOPTS Magistrate Judge Starnella's Recommendation, ECF No. 63, in its entirety as an order of this Court. Consistent with the above analysis, Court GRANTS Defendants' motion to dismiss, ECF No. 31, and dismisses the claims without prejudice.

DATED this 27th day of September 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge