IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-02539-CNS-KAS

DAVID E. HILL,

     Plaintiff,

v.

A. CIOLLI, Warden,
ANDRE MATEVOUSIAN, Regional Director, and
TIMOTHY BARNETT, Acting Administrator

     Defendants.

---

## ORDER

---

Before the Court are three motions filed by Plaintiff David Hill: two separate Motions for Relief from Judgment, ECF Nos. 82, 83, and a Motion for Leave to File an Amended Complaint or Supplemental Complaint, ECF No. 84. Defendants responded to all three motions. ECF Nos. 85, 88, 89. Plaintiff also filed a Notice of Supplemental Authority regarding his motions. ECF No. 87.[1] For the following reasons, the Court DENIES the motions for relief and motion to amend the complaint.

## I.    SUMMARY FOR *PRO SE* PLAINTIFF

You have made several attempts to challenge the Court's orders dismissing your case and denying your request to amend or supplement your complaint. In the current

---

[1] Plaintiff filed his Notice of Supplemental Authority under Federal Rule of Appellate Procedure 28(j) and Colorado Local Rule 7.1(f). ECF No. 87. Although the Federal Rules of Appellate Procedure do not govern district courts, *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 906 F.3d 926, 932 (10th Cir. 2018), because Plaintiff proceeds *pro se*, the Court will consider his notice and discusses it further below.

motions, you challenge two orders. First, you challenge the September 27, 2024 order in which the Court affirmed the magistrate judge's recommendation to dismiss your case for lack of jurisdiction. Second, you challenge the June 17, 2025 order in which the Court denied your motion to alter judgment. As the Court has reiterated in previous orders, it dismissed your case and declined to alter its dismissal on specific grounds due to lack of jurisdiction. The Court understands that you discovered what you perceive to be an issue with the documentation regarding the duration of your phone and commissary sanctions. However, based on the evidence you have provided in connection with your motions for relief, the Court cannot conclude that such evidence meets the burden of showing that relief from the Court's prior orders is appropriate. Further, even if there were an issue with the sanctions documentation you have put forward, it would not change the fact that this Court lacks jurisdiction. Unless you present an extraordinary circumstance, as required by the law, the Court continues to lack jurisdiction required to reopen your case. Accordingly, the Court denies your motions and will explain why it does so below, including a discussion of the legal authority supporting its conclusion.

## II.    BACKGROUND

Because Plaintiff's disagreement with the Court's judgment has come before the Court several times prior, ECF Nos. 71, 78, the Court assumes the parties' familiarity with the case's factual and procedural background, and a brief summary of both suffices. Plaintiff is a federal inmate housed at the Administrative Maximum Facility in Florence, Colorado. ECF No. 25 (Second Am. Compl.) at 2. In this lawsuit, Plaintiff alleges that Defendants deprived him of statutory privileges under the First Step Act and the

Coronavirus Aid, Relief, and Economic Security Act (CARES Act). *Id.* at 4. Specifically, Plaintiff alleges that he (1) was deprived of free phone calls pursuant to the CARES Act and (2) did not receive specific incentives under the First Step Act. *Id.* at 6, 11.

On February 5, 2024, Defendants filed a motion to dismiss. ECF No. 31. United States Magistrate Judge Kathryn Starnella recommended granting Defendants' motion. ECF No. 63. In making this recommendation, Magistrate Judge Starnella, finding that the CARES Act was no longer in effect, determined the claim was moot. *Id.* at 6–7. Similarly, Magistrate Judge Starnella concluded that the Court lacked jurisdiction to grant injunctive relief or mandamus under the First Step Act because Defendants did not owe Plaintiff a nondiscretionary duty. *Id.* at 11. The Court adopted Magistrate Judge Starnella's recommendation and granted Defendants' motion to dismiss on September 27, 2024, for lack or jurisdiction. ECF No. 68.

A flurry of motions followed. On October 28, 2024, Plaintiff filed a Motion to Alter or Amend the Judgment, ECF No. 71, which the Court denied, ECF No. 76. Then, on January 6, 2025, Plaintiff filed another Motion to Alter or Amend the Judgment, ECF No. 78, which the Court again denied, ECF No. 81. Finally, on June 30, 2025 and July 11, 2025, Plaintiff filed the two instant Motions for Relief from Judgment. ECF Nos. 82, 83.

In concert with these motions, Plaintiff made numerous attempts to amend his complaint, all of which the Court rejected. *See* ECF Nos. 67, 69 (amended complaint stricken for failure to seek leave of the Court pursuant to Federal Rule of Civil Procedure Rule 15); ECF Nos. 73, 76 (motion to amend complaint denied). Despite these denials, Plaintiff nonetheless filed the instant Motion for Leave to File an Amended Complaint on

July 11, 2025. ECF No. 84. Additionally, Plaintiff, on July 31, 2025, filed a Notice of Supplemental Authority citing the Supreme Court's recent decision in *Perttu v. Richards*, 145 S. Ct. 1793 (2025), in support of the instant motions.

### III.    LEGAL STANDARD

Rule 60(b) "provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Bartch v. Barch*, 111 F.4th 1043, 1053 (10th Cir. 2024) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010)). The moving party carries the burden to prove relief is warranted. *Perez v. City and County of Denver*, No. 1:21-cv-01263-RMR-KLM, 2024 WL 2874305, at *1 (D. Colo. May 14, 2024) (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).

### IV.    ANALYSIS

Plaintiff asks the Court to vacate its September 27, 2024 order affirming and adopting Magistrate Judge Starnella's recommendation granting Defendants' motion to dismiss and dismissing Plaintiff's amended complaint. ECF Nos. 68, 83. This is not Plaintiff's first time making both requests. Nonetheless, the Court addresses each in turn. The Court also addresses Plaintiff's motion for leave to amend or file a supplemental complaint. ECF No. 84.

Because Plaintiff appears *pro se*, the Court liberally construes his filings. *See Calcari v. Ortiz*, 495 F. App'x 865, 866 (10th Cir. 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991)). However, the Court may not "assume the role of the

advocate." *Wingfield v. Pruitt*, 825 F. App'x 553, 557 (10th Cir. 2020) (citing *Hall*, 935 F.2d
at 1110).

### A. Motions for Relief from Judgment

#### 1. Sanctions

Plaintiff's requested relief stems from purported errors regarding the duration of
various sanctions. Plaintiff attached several documents which he contends show the
following Bureau of Prisons sanctions against him:

- Two disciplinary sanctions for assault and threatening
  bodily harm ending on April 9, 2025, and November 5,
  2023, respectively. ECF No. 83 at 3.

- Commissary sanctions ending on August 22, 2047. *Id.* at
  23 (condensed disciplinary record); *Id.* at 25
  (administrative remedy request denial letter explaining that
  Plaintiff has sanctions imposed until 2047); *Id.* at 26.

- Phone restrictions ending on September 29, 2047. *Id.* at
  28 (administrative remedy request denial explaining that
  Plaintiff has sanctions imposed until 2047); *Id.* at 27
  (administrative remedy request closure letter); *Id.* at 29
  (regional administrative remedy appeal denial); *Id.* at 30
  (affirming regional appeal denial).

Plaintiff appears to contend that presence of the November 5, 2023 and August 9,
2025 sanctions demonstrates that Defendants "falsi[fied] federal government records"
relating to the August 22, 2047 and September 29, 2047 end dates for commissary
sanctions and phone restrictions, respectively. ECF No. 83 at 7. Defendants, in their
response, attached a copy of Plaintiff's full disciplinary history, ECF Nos. 89-1, 89-2, and
contend that the phone sanctions, served consecutively, end on September 29, 2047.
ECF No. 89 at 3. However, the Court need not address whether the purported disparity

between the two disciplinary sanctions and the 2047 sanctions is an error because it is not dispositive—or relevant—to the limited issue raised by Plaintiff's Rule 60 motion: whether relief from the Court's prior order is required. The Court now turns to the specific Rule 60 arguments Plaintiff makes.

*a. Rule 60(b)(3): Fraud, Misrepresentation, or Misconduct*

Plaintiff first contends that relief is appropriate under Rule 60(b)(3) because the purported sanctions error misled him and "affected [his] decision process about what claims to present to the court." ECF No. 83 at 6. The Court does not find this argument compelling and rejects it.

Rule 60(b)(3) allows a court to "relieve a party or its legal representative from a final judgment" based on fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). The party seeking relief "must show clear and convincing proof of fraud, misrepresentation, or misconduct." *Campbell v. Meredith Corp.*, 345 F. App'x 323, 326 (10th Cir. 2009) (citing *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005)). Further, the "challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Campbell*, 345 F. App'x at 326 (citing *Zurich N. Am.*, 426 F.3d at 1290) (emphasis in original). This relief should only be granted in exceptional circumstances. *See Servants of Paraclete v. Does*, 204, F.3d 1005, 1009 (10th Cir. 2000) (internal quotations omitted).

Plaintiff has not met his burden of showing "clear and convincing proof of fraud, misrepresentation, or misconduct." *Zurich N. Am.*, 426, F.3d at 1290 (citation modified). Plaintiff's provided sanction documentation is not sufficient to show that there was any

fraud, misrepresentation, or misconduct on the part of Defendant in securing the judgment from which Plaintiff seeks relief. Neither the documents submitted with his motion nor a liberal construction of Plaintiff's arguments in his motion show that these dates are incorrect such that they could even begin to amount to fraud, misrepresentation, or misconduct. *See Perez*, 2024 WL 2874305, at *3 (denying *pro se* plaintiff's Rule 60(b)(3) motion on the grounds that conclusory statements such as making "false statements" or omitting "material fact" is not sufficient to justify relief). Rather, the documents seem to corroborate each other in showing that there are sanctions in place until 2047—which has little, if anything, to do with the Court's judgment on an entirely different factual matter. *See* ECF No. 83 at 23–30.

Additionally, even if Plaintiff successfully demonstrated fraud, misrepresentation or misconduct—which he has not—it would not have affected the Court's dismissal based on lack of jurisdiction.[2]

### b.  Rule 60(b)(6): Equitable Relief

Rule 60(b)(6) is a catchall provision allowing a party to seek relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case" and relief is "extraordinary and may only be granted in exceptional circumstances." *West v. Champion*, 363 F. App'x 660, 664 (10th Cir. 2010) (citation modified). Generally, a finding of extraordinary circumstances requires that "the movant is completely without fault for his or her predicament." *BLOM*

---

[2] Plaintiff's claim under the CARES Act remains moot because the statute is no longer in effect, and the Court remains without jurisdiction for his claim under the First Step Act because there is no mandatory duty under which the Court could compel mandamus. ECF No. 63 at 6–7, 11. Plaintiff fails to persuade the Court otherwise.

*Bank SAL v. Honickman*, 145 S. Ct. 1612, 1620 (2025) (internal citations omitted). The Tenth Circuit has affirmed granting relief under Rule 60(b)(6) when "there had been a post-judgment change in the law arising out of the same accident as that in which the plaintiffs . . . were injured." *Sindar v. Garden*, 284 F. App'x 591, 596 (10th Cir. 2008) (citation modified).

Plaintiff provides little briefing on whether relief under Rule 60(b)(6) is proper. But, even giving his filings a liberal construction, the Court finds no grounds to justify such extraordinary relief. In his motion, Plaintiff simply asserts without any explanation that, if the Court considered the purported sanctions issue, it would have affected the outcome of its order. ECF No. 83 at 8. The Court disagrees. As discussed, the Court dismissed the case for lack of jurisdiction, ECF No. 68, and Plaintiff's newly presented arguments do not affect the Court's jurisdictional decision. Nor does Plaintiff identify any change in the law demanding reconsideration of the Court's jurisdictional conclusions. *See Sindar*, 284 F. App'x at 596.

### c. Rule 60(b)(2): New Evidence

Although Plaintiff styles his request for relief under Rule 60(b)(6), a liberal construction of the motion suggests that Plaintiff may also be seeking relief under Rule 60(b)(2), so the Court additionally proceeds to analyze his arguments under Rule 60(b)(2). *See Sindar*, 284 F. App'x at 594 (*pro se* plaintiff moved for relief under Rule 60(b)(4) but the court, liberally construing the filings, analyzed the merits under other potentially applicable provisions). Plaintiff contends that if the Court considered the

purported issue with the sanctions record, it would have affected the outcome of his case. ECF No. 83 at 8. The Court disagrees.

Rule 60(b)(2) provides relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ." Fed. R. Civ. P. 60(b)(2). Relief premised upon "newly discovered evidence [is] not favored." *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 728 (10th Cir. 1993). To receive relief under Rule 60(b)(2), the movant must show:

> (1) the evidence was newly discovered since the trial;
>
> (2) the moving party was diligent in discovering the new evidence;
>
> (3) the newly discovered evidence [was] not merely cumulative or impeaching;
>
> (4) the newly discovered evidence is material; and
>
> (5) that a new trial with the newly discovered evidence would probably produce a different result.

*Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (citing *Zurich N. Am.*, 426 F.3d at 1290). Although the language of the rule only addresses trial, courts have held that the same standard applies for relief from a dismissal order. *See Dronsejko*, 632 F.3d at 670 (citing *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257–58 (5th Cir. 2003)).

Plaintiff still fails to establish any entitlement to relief under Rule 60(b)(2) because the sanctions evidence is immaterial and does not change the outcome of the Court's vacating order. As discussed, the Court dismissed Plaintiff's case on jurisdictional grounds. ECF No. 68. The evidence Plaintiff provided does not change the fact that the

Court lacks jurisdiction. Accordingly, even construed under Rule 60(b)(2), the Court cannot grant relief on the grounds Plaintiff urges in his motion.

### 2. Improper Service

Plaintiff also moves for relief under Rule 60(b)(4) asserting that the judgment is void because he was not properly served Defendant's response, ECF No. 80, pursuant to Rule 5(a)(1)(D), which requires service of a "written motion" on all parties. ECF No. 82; *see also* Fed. R. Civ. P. 60(b)(4); Fed. R. Civ. P. 5(a)(1)(D). Although Plaintiff does not explicitly make the connection, construing his filings liberally, it appears Plaintiff argues that Defendants' improper service constituted a violation of due process because it deprived him of his opportunity to be heard. ECF No. 82 at 6. Defendants admit that they do not have a record of their response being served and inform the Court that Plaintiff now has a copy of their response. ECF No. 85. The Court disagrees with Plaintiff that Defendants' failure to properly serve Plaintiff with a responsive pleading amounts to a due process violation demanding that the Court "void" its prior order. ECF No. 81.

Rule 60(b)(4) requires a court to grant relief if "the judgment is void." Fed. R. Civ. P. 60(b)(4); *see West v. Champion*, 363 F. App'x at 663 (citing *V.T.A., Inc. v. AIRCO Inc.,* 597 F.2d 220, 224 n.8 (10th Cir. 1979) ("If voidness is found, relief is not a discretionary matter; it is mandatory.")). A judgment is void "only in the rare instance where [the] judgment is premised on either a total want of jurisdiction or a violation of due process that deprives a party of notice or the opportunity to be heard." *Bartch*, 111 F.4th at 1053 (citing *Espinosa*, 559 U.S. at 271) (citation modified). "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the

pendency of the action and afford them an opportunity to present their objections." *United States v. Teague*, No. 24-2178, 2025 WL 1088230, at *2 (10th Cir. Apr. 11, 2025) (quoting *Espinosa*, 559 U.S. at 272).

The instant motion requests relief from the Court's June 17, 2025 order, ECF No. 81, denying Plaintiff's January 6, 2025 motion to alter judgment, ECF No. 78. Neither the Court's Local Rules nor the Federal Rules of Civil Procedure expressly grant a party the right to file a reply to a motion for relief from judgment. Rather, the Court's Local Rules permit the Court to rule on motion "at any time after it is filed." D.C.COLO.LCivR 7.1(d). Further, Plaintiff, as the movant, received the opportunity to be heard and present his objection to the Court's order. *See Teague*, 2025 WL 1088230 at *2. Accordingly, the Court does not find the lack of service to be a due process violation and denies the motion on due process grounds.

However, Defendants suggest that the Court permit Plaintiff to file a new Rule 60(b)(4) motion, giving him an additional opportunity to respond to arguments raised in their response, ECF No. 80, which he has now received. ECF No. 85 at 4. The Court accepts Defendant's suggestion. In the interest of fairness, Plaintiff may file another Rule 60 motion to raise his objections to the service issue, but Plaintiff should do so only under Rule 60(b)(4).

### B. Motion for Leave to Amend Complaint

Plaintiff also requests leave to either amend his complaint under Rule 15(a)(2) or serve a supplemental pleading under Rule 15(d). ECF No. 84. Consistent with its prior orders, the Court declines to grant leave to amend.

After the period of right lapses, a party may only amend its pleading with consent
from the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). "The court should
freely give leave when justice so requires." *Id.* The court may also permit a supplemental
pleading "[o]n motion and reasonable notice" and "on just terms." Fed. R. Civ. P. 15(d).

The Supreme Court in *BLOM Bank SAL* recently clarified the standard for a party
seeking to reopen a case under Rule 60(b)(6) for purposes of filing an amended
complaint. 145 S. Ct. In *BLOM Bank SAL*, the Supreme Court held that a party seeking
to replead under Rule 15(a)'s liberal pleading standard must first satisfy the extraordinary
circumstance requirement of Rule 60(b)(6). *Id.* at 1620–21. The Tenth Circuit, consistent
with *BLOM Bank SAL*, has extended this strict delineation to post-judgment motions
under Rule 50(e) and other Rule 60(b) categories as well. *See Tool Box, Inc. v. Ogden
City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (collecting cases).

Plaintiff asserts that an amended or supplemental pleading is necessary because
the "false representations" regarding his sanction duration prevented him from raising
claims of "due process violations[;] cruel and unusual punishment[;] retaliation[;] and
[Administrative Procedure Act] violations for failure to comply with [Bureau of Prison]
policy, policy, procedures, and regulations." ECF No. 84 at 6. However, because the
Court has denied various post-judgment motions, as a matter of law, the Court cannot
grant leave to amend or supplement. *See BLOM Bank SAL*, 145 S. Ct.; *Tool Box, Inc.*,
419 F.3d (holding that a party may not replead without first prevailing on a post-judgment
motion). As the Court has previously informed Plaintiff, given the Court's guidance in

previous orders, if he still feels that he has meritorious claims over which this Court has jurisdiction, he may file a new civil action. ECF No. 76 at 5.

### C. Notice of Supplemental Authority

On July 31, 2025, Plaintiff filed a Notice of Supplemental Authority, ECF No. 87, informing the Court of the Supreme Court's recent decision in *Perttu v. Richards*. 145 S. Ct. In his notice, Plaintiff states that, based on *Perttu*, he is "entitled to a jury trial on any [Prison Litigation Reform Act (PLRA)] issue that the district court decide[s] as it relates to the new claims." ECF No. 87. However, the Court has not granted leave to amend or supplement Plaintiff's complaint in which he seeks to assert new claims. To the extent Plaintiff intends the Court to consider *Perttu* in the context of his dismissed complaint, ECF No. 25, Plaintiff fails to persuade that *Perttu* is relevant or justifies Rule 60(b) relief, or amendment to his complaint.

At issue in *Perttu* was whether an inmate had a right to a jury trial on PLRA exhaustion when the question was intertwined with the merits of the underlying suit. *Id.* The Supreme Court concluded that the First Amendment issue and administrative exhaustion issue were intertwined, and because of this, the Supreme Court held that a litigant is entitled to a jury trial on PLRA administrative exhaustion requirements when the "issue is intertwined with the merits of a claim that falls under the Seventh Amendment." 145 S. Ct. at 1800. That is not the case here.

Administrative exhaustion under the PLRA is an affirmative defense, *id.* at 1801, which has not been asserted here. But more fundamentally, the Court dismissed Plaintiff's case because it did not have jurisdiction under the CARES Act or First Step Act. ECF No.

68. Thus, *Perttu* is not applicable, and the Court may dismiss Plaintiff's claim for lack of subject matter jurisdiction without trial by jury. 145 S. Ct. at 1803 (citing *Smithers v. Smith*, 204 U.S. 632, 644–45 (1907)).

## V.    CONCLUSION

As discussed above, Plaintiff's second Motion for Relief from Judgment, ECF No. 83, and Motion for Leave to File an Amended or Supplemental Complaint, ECF No. 84, are DENIED. Plaintiff's first Motion for Relief from Judgment, ECF No. 82, is DENIED without prejudice. Plaintiff may promptly file a new motion under Rule 60(b)(4) consistent with this order within 30 days.

Dated this 11th day of August 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

14